Joyner v Middletown Med., P.C. (2020 NY Slip Op 02626)





Joyner v Middletown Med., P.C.


2020 NY Slip Op 02626


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-07383
 (Index No. 12949/10)

[*1]Randall Joyner, et al., respondents,
v
Middletown Medical, P.C., et al., appellants.


Feldman, Kleidman, Coffey, Sappe & Regenbaum LLP, Fishkill, NY (Marsha Solomon Weiss of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated May 25, 2017. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice as to treatment provided on June 3, 2008, insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On June 3, 2008, the plaintiff Randall Joyner (hereinafter the plaintiff) presented to the urgent care clinic at the defendant Middletown Medical, P.C., with complaints of left leg pain. The plaintiff was seen by the defendant Chethan Byadgi, who ordered a Venous Doppler study to rule out deep vein thrombosis. When the study came back negative, Byadgi prescribed painkillers and referred the plaintiff to an orthopedic surgeon. Subsequently, an angiogram conducted on June 20, 2008, revealed that the plaintiff had complete occlusions of the left superficial and deep femoral arteries. On June 26, 2008, the plaintiff underwent surgery to relieve the arterial insufficiency. Following the procedure, the plaintiff developed blistering on his foot, dusky toes, and the loss of capillary refill. On July 18, 2008, the plaintiff underwent a below-the-knee amputation of his left leg, secondary to a gangrenous left foot and multiple thromboembolic arterial occlusions.
The plaintiff, and his wife suing derivatively, commenced this action against Byadgi, Middletown Medical, P.C. (hereinafter together the defendants), and others, to recover damages for medical malpractice, etc., alleging that Byadgi's failure to timely diagnose and treat the plaintiff's condition caused the loss of the plaintiff's leg. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated May 25, 2017, the Supreme Court, among other things, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice as to treatment provided on June 3, 2008, insofar as asserted against them. The defendants appeal.
" In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries"' (M.C. v Huntington Hosp., 175 AD3d 578, 579, quoting Stukas v Streiter, 83 AD3d 18, 23; see Simpson v Edghill, 169 AD3d [*2]737, 738). "A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries" (M.C. v Huntington Hosp., 175 AD3d at 579). "Where the defendant has satisfied that burden, a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing'" (id., quoting Stukas v Streiter, 83 AD3d at 30). " Expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause'" (M.C. v Huntington Hosp., 175 AD3d at 579, quoting Novick v South Nassau Communities Hosp., 136 AD3d 999, 1000 [internal quotation marks omitted]). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action pertaining to the plaintiff's treatment on June 3, 2008, insofar as asserted against them, by submitting two detailed expert affirmations which demonstrated that Byadgi's treatment was not the proximate cause of the plaintiff's injuries (see M.C. v Huntington Hosp., 175 AD3d at 580; Simpson v Edghill, 169 AD3d at 738). In opposition, however, the plaintiffs raised triable issues of fact by submitting the affidavit of a medical expert who concluded that Byadgi's failure to order appropriate arterial testing, or to refer the plaintiff on a stat basis to an emergency room or a vascular surgeon, was a proximate cause contributing to the plaintiff's subsequent need for an amputation (see M.C. v Huntington Hosp., 175 AD3d at 581). Contrary to the defendants' contention, the affidavit of the plaintiffs' expert and accompanying addendum were neither conclusory nor speculative (cf. Tsitrin v New York Community Hosp., 154 AD3d 994, 996).
Accordingly, we agree with the Supreme Court's determination denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice as to treatment provided on June 3, 2008, insofar as asserted against them.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court