Palazzolo v Green (2020 NY Slip Op 07388)





Palazzolo v Green


2020 NY Slip Op 07388


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2019-01622
 (Index No. 7905/13)

[*1]Kathleen Palazzolo, etc., respondent, 
v
Glenn J. Green, et al., defendants, Maria Teresa Rainin-Lay, et al., appellants.


Feldman, Kleidman, Coffey, Sappe & Regenbaum, LLP, Fishkill, NY (Marsha Solomon Weiss and Don Scialabba of counsel), for appellants Maria Teresa Ranin-Lay, Hudson Valley Hospital Physicians, PLLC, Anthony J. Messina, and Hudson Valley Cardiovascular Associates, P.C. (one brief filed).
Thompson-Tinsley Law, PLLC, Cold Spring, NY (Angela Thompson-Tinsley of counsel), for appellants Orange Regional Medical Center, Orange Regional Medical Center Pavilion, Orange Regional Ambulatory Surgery, and Greater Hudson Valley Health Systems, Inc.
Meagher & Meagher, P.C., White Plains, NY (Keith J. Clarke of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, lack of informed consent, and wrongful death, the defendants Maria Teresa Ranin-Lay and Hudson Valley Hospital Physicians, PLLC, appeal, and the defendants Anthony J. Messina and Hudson Valley Cardiovascular Associates, P.C., and the defendants Orange Regional Medical Center, Orange Regional Medical Center Pavilion, Orange Regional Ambulatory Surgery, and Greater Hudson Valley Health Systems Inc., separately appeal, from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated January 23, 2019. The order, insofar as appealed from by the defendants Maria Teresa Ranin-Lay and Hudson Valley Hospital Physicians, PLLC, denied those branches of those defendants' motion which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against them. The order, insofar as appealed from by the defendants Anthony J. Messina and Hudson Valley Cardiovascular Associates, P.C., denied those branches of those defendants' motion which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against them. The order, insofar as appealed from by the defendants Orange Regional Medical Center, Orange Regional Medical Center Pavilion, Orange Regional Ambulatory Surgery, and Greater Hudson Valley Health Systems, Inc., denied those branches of those defendants' motion which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, those branches of the motion of the defendants Maria Teresa Ranin-Lay and Hudson Valley Hospital Physicians, PLLC, which were for summary judgment dismissing the causes of [*2]action alleging medical malpractice and wrongful death insofar as asserted against them are granted, those branches of the motion of the defendants Anthony J. Messina and Hudson Valley Cardiovascular Associates, P.C., which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against them are granted, and those branches of the motion of the defendants Orange Regional Medical Center, Orange Regional Medical Center Pavilion, Orange Regional Ambulatory Surgery, and Greater Hudson Valley Health Systems, Inc., which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against them are granted.
The plaintiff's decedent died following complications that occurred during an eye surgery that took place on September 14, 2011, at the defendant Orange Regional Medical Center Pavilion (hereinafter the Pavilion), an outpatient ambulatory surgery facility. The plaintiff commenced this action to recover damages for, inter alia, medical malpractice and wrongful death against, among others: the defendant Maria Teresa Ranin-Lay, the physician who performed a preoperative evaluation of the decedent on the day before the surgery, and her employer, the defendant Hudson Valley Hospital Physicians, PLLC (hereinafter together the Ranin-Lay defendants); the defendant Anthony J. Messina, the decedent's treating cardiologist, and the defendant Hudson Valley Cardiovascular Associates, P.C., of which Messina was a member (hereinafter together the Messina defendants); and the Pavilion and the defendants Orange Regional Medical Center, Orange Regional Ambulatory Surgery, and Greater Hudson Valley Health Systems, Inc. (hereinafter collectively the ORMC defendants).
The Ranin-Lay defendants, the Messina defendants, and the ORMC defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court, inter alia, denied those branches of those defendants' respective motions which were for summary judgment dismissing the medical malpractice and wrongful death causes of action insofar as asserted against each of them. The Ranin-Lay defendants, the Messina defendants, and the ORMC defendants appeal.
We disagree with the Supreme Court's determination to deny those branches of separate motions of the Ranin-Lay defendants, the Messina defendants, and the ORMC defendants which were for summary judgment dismissing the medical malpractice and wrongful death causes of action insofar as asserted against each of them. "In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23). A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries (see Joyner v Middletown Med., P.C., 183 AD3d 593, 594). Where the defendant has satisfied that burden, a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing (see id. at 594; M.C. v Huntington Hosp., 175 AD3d 578, 579).
Here, the Ranin-Lay defendants established their prima facie entitlement to judgment as a matter of law through, inter alia, Ranin-Lay's own affidavit (see Gargiulo v Geiss, 40 AD3d 811, 812). Contrary to the plaintiff's contention, the Ranin-Lay defendants established that Ranin-Lay did not deviate from accepted community standards of practice and that any alleged departures were not a proximate cause of the decedent's injuries and death. In opposition to the Ranin-Lay defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff's expert opined, among other things, that Ranin-Lay departed from the accepted standard of care by deeming the decedent suitable to undergo a plans para vitrectomy notwithstanding that the decedent had discontinued his antiplatelet therapy of aspirin and Plavix, but the expert failed to explain how this constituted a departure from the standard of care in light of Ranin-Lay's assertion that it was consistent with the applicable standard of practice for her to defer to the opinion of Messina, the decedent's cardiologist. Moreover, although the plaintiff's expert opined that the discontinuance of the antiplatelet therapy was a substantial factor in the decedent's injuries and death, this opinion was merely conclusory and was unsupported by competent evidence tending to establish proximate causation (see Senatore v Epstein, 128 AD3d 794; Barrocales v New York Methodist Hosp., 122 AD3d 648).
The Messina defendants also established their prima facie entitlement to judgment as a matter of law through Messina's own affidavit, among other things (see Gargiulo v Geiss, 40 AD3d at 812). The Messina defendants established, inter alia, that Messina did not deviate from the standard of care in evaluating the decedent's risk in undergoing surgery, even in light of the decedent's cessation of antiplatelet therapy, and they established that the decedent's injuries were not proximately caused by the cessation of the antiplatelet therapy. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's expert opined that Messina departed from the standard of care in allowing the decedent to stop antiplatelet therapy. However, even assuming that the plaintiff raised a triable issue of fact as to whether this constituted a departure, the plaintiff failed to raise a triable issue of fact as to proximate causation because the conclusory and speculative opinion of the plaintiff's expert failed to explain how stopping antiplatelet therapy proximately caused the decedent's injuries (see Senatore v Epstein, 128 AD3d 794; Barrocales v New York Methodist Hosp., 122 AD3d 648).
Finally, the ORMC defendants established their prima facie entitlement to judgment as a matter of law through the affirmation of their expert Steven M. Neustein, as well as the decedent's medical records and certain deposition testimony (see Pinnock v Mercy Med. Ctr., 180 AD3d 1088). Neustein opined, among other things, that the ORMC defendants did not depart from the standard of care in permitting the decedent's surgery to be performed in an outpatient facility, that there was no evidence that the physicians involved in the decedent's surgery lacked any necessary equipment or personnel, and that the decedent's injuries were not proximately caused by the performance of the surgery in an outpatient facility. In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert was conclusory and speculative (see Senatore v Epstein, 128 AD3d 794; Barrocales v New York Methodist Hosp., 122 AD3d 648). In particular, the plaintiff's expert failed to explain how the performance of the surgery in the outpatient facility constituted a departure from the standard of care and failed to identify any equipment or personnel that was lacking in the outpatient facility which would have been available in a hospital.
Accordingly, we reverse the order insofar as appealed from, and we grant those branches of the separate motions of the Ranin-Lay defendants, the Messina defendants, and the ORMC defendants which were for summary judgment dismissing the medical malpractice and wrongful death causes of action insofar as asserted against each of them.
MASTRO, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court