Agostini v Varughese (2021 NY Slip Op 00280)





Agostini v Varughese


2021 NY Slip Op 00280


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-14769
 (Index No. 151095/15)

[*1]Yamel Agostini, etc., appellant,
v
Nidhi M. Varughese, etc., et al., respondents, et al., defendants.


Targum & Britton, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Kenneth J. Gorman, and Michael H. Zhu], of counsel), for appellant.
Koster, Brady & Nagler, New York, NY (Kenneth T. Bierman and Kara Suddock of counsel), for respondent Nidhi M. Varughese.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Garden City, NY (Megan A. Lawless of counsel), for respondent Richmond University Medical Center.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated December 7, 2018. The order granted the separate motions of the defendants Nidhi M. Varughese and Richmond University Medical Center for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed, on the law, with one bill of costs, and the separate motions of the defendants Nidhi M. Varughese and Richmond University Medical Center for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
The plaintiff's decedent died of a subarachnoid hemorrhage on March 8, 2014, at the defendant Richmond University Medical Center (hereinafter RUMC), after initially presenting to RUMC's emergency room on March 3, 2014. The plaintiff commenced this action against, among others, RUMC and the defendant Nidhi M. Varughese (hereinafter together the defendants), seeking damages, inter alia, for medical malpractice and wrongful death. After issue was joined, the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the motions. The plaintiff appeals.
In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries (see M.C. v Huntington Hosp., 175 AD3d 578, 579; Stukas v Streiter, 83 AD3d 18, 23). "A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries" (M.C. v Huntington Hosp., 175 AD3d at 579). Where the defendant has satisfied that burden, a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie [*2]showing (see Joyner v Middletown Med., P.C., 183 AD3d 593; Castillo v Surasi, 181 AD3d 786; Mehtvin v Ravi, 180 AD3d 661).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting the detailed affirmations of their experts, who opined that the defendants' treatment of the decedent did not depart from the applicable standard of care and was not a proximate cause of the decedent's injuries and death (see Simpson v Edghill, 169 AD3d 737; Pagano v Cohen, 164 AD3d 516; Sukhraj v New York City Health & Hosps. Corp., 106 AD3d 809).
In opposition, however, the plaintiff raised a triable issue of fact by submitting the affirmation of a medical expert in emergency medicine who opined, within a reasonable degree of medical certainty, that the defendants departed from good and accepted medical practice by, among other things, failing to recognize the decedent's symptoms of a subarachnoid hemorrhage, by failing to order a CT scan on a "stat" basis, by failing to perform a lumbar puncture, and by administering, among other drugs, Heparin to the decedent. The expert further opined that these actions and omissions by the defendants were a proximate cause of the decedent's injuries and death (see Joyner v Middletown Med., P.C., 183 AD3d at 593).
Since "[s]ummary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinburg v Feit, 23 AD3d 517, 519; see M.C. v Huntington Hosp., 175 AD3d at 581), the Supreme Court should have denied the separate motions of the defendants for summary judgment dismissing the complaint insofar as asserted against each of them.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court