Lamalfa v New York Methodist Hosp. (2022 NY Slip Op 00655)





Lamalfa v New York Methodist Hosp.


2022 NY Slip Op 00655


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2017-12855
 (Index No. 500295/14)

[*1]Mariano Lamalfa, appellant, 
v
New York Methodist Hospital, respondent.


Rossi, Crowley, Sancimino & Kilgannon, LLP, Douglaston, NY (Timothy Kilgannon of counsel), for appellant.
Ellenberg Gannon Henninger Fitzmaurice & Lim, LLP, New York, NY (Stacy Fitzmaurice of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated September 27, 2017. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 26, 2013, the plaintiff presented to the defendant's emergency room with hematuria (blood in the urine), and a Foley catheter was inserted. Subsequently, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice, alleging, among other things, that the defendant's employees improperly placed the Foley catheter, causing him to sustain injuries to his bladder and urethra and to experience significant pain and incontinence. The defendant moved for summary judgment dismissing the complaint. In an order dated September 27, 2017, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing the medical malpractice cause of action. The plaintiff appeals.
"In order to establish the liability of a professional health care provider for medical malpractice, a plaintiff must prove that the provider departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Matthis v Hall, 173 AD3d 1162, 1163 [internal quotation marks omitted]; see Stukas v Streiter, 83 AD3d 18, 23). A defendant moving for summary judgment in a medical malpractice action must establish, prima facie, either that there was no departure from the accepted standard of care, or that any departure was not a proximate cause of the plaintiff's injuries (see Agostini v Varughese, 190 AD3d 799, 801; Matthis v Hall, 173 AD3d at 1163).
Where a defendant meets its prima facie burden as to both elements of a medical malpractice action, "the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element" (Stukas v Streiter, 83 AD3d at 25; see Simpson v Edghill, 169 AD3d 737, 738). "Although conflicting expert opinions [*2]may raise credibility issues which can only be resolved by a jury, expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Wagner v Parker, 172 AD3d 954, 955 [citation omitted]). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Scopelliti v Westmed Med. Group, 193 AD3d 1009, 1010-1011 [internal quotation marks omitted]). "An expert opinion that is contradicted by the record cannot defeat summary judgment" (Wagner v Parker, 172 AD3d at 955 [internal quotation marks omitted]).
Here, it is undisputed that the defendant established its prima facie entitlement to judgment as a matter of law dismissing the medical malpractice cause of action through the submission of the plaintiff's medical records and the affirmation of a board-certified urologist, who opined within a reasonable degree of medical certainty that the defendant's employees did not depart from the accepted standard of care, and that, in any event, any alleged departure was not a proximate cause of the plaintiff's injuries (see Spilbor v Styles, 191 AD3d 722, 724; Mehtvin v Ravi, 180 AD3d 661, 663). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert did not address specific assertions made by the defendant's expert, and was otherwise conclusory and unsupported by the record (see Choida v Schirripa, 188 AD3d 978, 980; Messeroux v Maimonides Med. Ctr., 181 AD3d 583, 585; Wagner v Parker, 172 AD3d at 955).
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the medical malpractice cause of action.
DILLON, J.P., BARROS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court