M. T. v Lim (2022 NY Slip Op 01339)





M. T. v Lim


2022 NY Slip Op 01339


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-07393
 (Index No. 501913/13)

[*1]M. T., etc., et al., respondents, 
v
Eav Lim, etc., et al., defendants, Faramarz Zarghami, etc., et al., appellants.


Yoeli Gottlieb & Etra LLP, New York, NY (Matthew E. Yoeli of counsel), for appellant Faramarz Zarghami.
Brown, Gaujean, Kraus & Sastow, PLLC (Mauro Lilling Naparty, LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for appellant Wilfredo Lao.
The Fitzgerald Law Firm, P.C., Yonkers, NY (John M. Daly and Mitchell Gittin of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, etc., the defendants Faramarz Zarghami and Wilfredo Lao separately appeal from an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated April 23, 2018. The order, insofar as appealed from, denied those defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
This medical malpractice action arises out of the care and treatment provided to the plaintiff mother in connection with the delivery of her son, the infant plaintiff, on October 30, 2011, at Wyckoff Heights Medical Center (hereinafter Wyckoff). In an order dated April 23, 2018, the Supreme Court, inter alia, denied the separate motions of the defendants Faramarz Zarghami and Wilfredo Lao, the plaintiffs' treating physicians at Wyckoff, for summary judgment dismissing the complaint insofar as asserted against each of them. Zarghami and Lao separately appeal.
"A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries" (Palazzolo v Green, 189 AD3d 1056, 1058; see Joyner v Middletown Med., P.C., 183 AD3d 593; Hayden v Gordon, 91 AD3d 819, 820). "To rebut the defendant's prima facie showing, a plaintiff must submit an expert opinion that specifically addresses the defense expert's allegations" (Pirri-Logan v Pearl, 192 AD3d 1149, 1150; see Joyner v Middletown Med., P.C., 183 AD3d 593). "'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Joyner v Middletown Med., P.C., 183 AD3d at 594, quoting Feinberg v Feit, 23 AD3d 517, 519; see Hutchinson v New York City Health & Hosps. Corp., 172 AD3d 1037, 1040).
Here, Zarghami established his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against him through the affirmation of his expert, who opined that Zarghami's treatment of the plaintiffs was in accordance with the appropriate standard of care, and that any alleged departures were not a proximate cause of the plaintiffs' injuries (see Alvarez v Prospect Hosp., 68 NY2d 320; Joyner v Middletown Med., P.C., 183 AD3d 593). However, in opposition, the plaintiffs raised a triable issue of fact through the submission of an affirmation of an expert in obstetrics and gynecology, who opined, among other things, that Zarghami departed from accepted obstetrical practice in failing to order an emergency cesarean delivery of the infant plaintiff once the mother's recurring vaginal bleeding resumed in the afternoon of October 29, 2011 (see Joyner v Middletown Med., P.C., 183 AD3d 593). Contrary to Zarghami's contention, the plaintiffs did not improperly assert a new theory of liability for the first time in opposition to his motion for summary judgment (see Larcy v Kamler, 185 AD3d 564, 566; Schwartzberg v Huntington Hosp., 163 AD3d 736, 738). Accordingly, the Supreme Court properly denied that branch of Zarghami's motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against him.
Lao also established his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against him through the affirmation of his expert (see Alvarez v Prospect Hosp., 68 NY2d 320; Joyner v Middletown Med., P.C., 183 AD3d 593). In opposition, the plaintiffs raised a triable issue of fact through the submission of an affirmation of an expert in pediatrics, who opined that Lao's failure to ensure that a saline solution was timely administered to the infant plaintiff after his birth was a departure from good and accepted neonatal practice (see Joyner v Middletown Med., P.C., 183 AD3d 593). Although the plaintiffs' theory regarding administration of the saline solution was not pleaded in either the complaint or the bill of particulars, this theory was referred to during Lao's deposition, and therefore properly raised by the plaintiffs in opposition to his motion for summary judgment (see Larcy v Kamler, 185 AD3d at 566; Weiss v Metropolitan Suburban Bus Auth., 106 AD3d 727, 728). Accordingly, the Supreme Court properly denied that branch of Lao's motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against him.
The parties' remaining contentions are either without merit or improperly raised for the first time on appeal.
IANNACCI, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court