Anthony v Freedman (2022 NY Slip Op 04529)

Anthony v Freedman

2022 NY Slip Op 04529

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-03145
 (Index No. 12461/13)

[*1]Kristine Anthony, respondent, 
v
Alan Freedman, et al., appellants, et al., defendants.

Vigorito, Barker, Patterson, Nichols & Porter LLP, Valhalla, NY (Michael Battiste and Leilani Rodriguez of counsel), for appellants.
Gianfortune & Mionis, P.C., Mineola, NY (Gary Mionis of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants Alan Freedman and Alan Freedman, M.D., P.C., appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered January 18, 2019. The order, insofar as appealed from, denied that branch of the motion of the defendants Alan Freedman, Alan Freedman, M.D., P.C., and 885 Operatory, Inc., which was for summary judgment dismissing the complaint insofar as asserted against the defendants Alan Freedman and Alan Freedman, M.D., P.C.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 12, 2011, the defendant Alan Freedman performed an abdominoplasty, a liposuction, and a septoplasty on the plaintiff. Freedman's records indicate that after the surgery, the plaintiff complained of a headache. The plaintiff alleges that while in the recovery room under Freedman's care, she made several complaints of an "excruciating" headache and vision loss. On April 20, 2011, the plaintiff underwent an MRI which revealed that she had suffered an ischemic stroke.
In October 2013, the plaintiff commenced this action to recover damages for medical malpractice against Freedman, the defendant Alan Freedman, M.D., P.C. (hereinafter together the Freedman defendants), and the defendant 885 Operatory, Inc. (hereinafter collectively the defendants), among others, alleging that she had suffered a stroke while in Freedman's care, and that if Freedman had timely diagnosed the stroke and referred her to a "Level 1 Primary Stroke Center," her injuries would have been less severe. Following the completion of discovery, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against the Freedman defendants. The Supreme Court, among other things, denied that branch of their motion. The Freedman defendants appeal.
"A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries" (M.C. v Huntington Hosp., 175 AD3d 578, 579; see Agostini v Varughese, 190 AD3d 799, 801). Once a defendant makes a prima facie showing, "the burden shifts to the plaintiff to demonstrate the existence of a triable issue of [*2]fact" as to the elements on which the defendant met the prima facie burden (Donnelly v Parikh, 150 AD3d 820, 822; see Powell v Singh, 199 AD3d 946, 947).
Here, the defendants' submissions were insufficient to establish, prima facie, that Freedman did not depart from accepted standards of practice by failing to diagnose the plaintiff's stroke (see Wodzenski v Eastern Long Is. Hosp., 170 AD3d 925, 926-927; Yaegel v Ciuffo, 95 AD3d 1110, 1112-1113). Nevertheless, the affirmation of the defendants' expert neurologist did establish, prima facie, that Freedman's failure to diagnose the plaintiff's stroke and to refer her to a "Level 1 Primary Stroke Center" was not a proximate cause of the plaintiff's injuries (see Randall v Kingston Hosp., 135 AD3d 1100, 1103). In opposition, however, the plaintiff's submissions raised a triable issue of fact.
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Freedman defendants.
BARROS, J.P., IANNACCI, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court