Spera v Buro
2026 NY Slip Op 03995
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Laura Spera, appellant,
v
Edward Buro, etc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2023-10428, (Index No. 615186/20)
Betsy Barros, J.P.
Helen Voutsinas
Lourdes M. Ventura
Donna-Marie E. Golia, JJ.

Law Offices of Sandra M. Radna, P.C., Melville, NY, for appellant.
Heidell, Pittoni, Murphy & Bach LLP, New York, NY (Gregory I. Freedman of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for podiatric malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated October 13, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for podiatric malpractice against the defendant Edward Buro, a podiatrist, and his practice. The plaintiff alleged that Buro had, among other things , improperly administered repeated steroid injections and that his negligence caused her anterior tibialis tendon to rupture. The defendants moved for summary judgment dismissing the complaint. The plaintiff opposed the motion. In an order dated October 13, 2023, the Supreme Court granted the motion. The plaintiff appeals.
"When moving for summary judgment dismissing a cause of action alleging podiatric malpractice,'a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff'" (Cooper v Branca, 234 AD3d 924, 925 [internal quotation marks omitted], quoting Kelly v Ahn, 224 AD3d 673, 674). "Where a defendant meets its prima facie burden as to both elements of a medical malpractice action, 'the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element'" (Lamalfa v New York Methodist Hosp., 202 AD3d 665, 665-666, quoting Stukas v Streiter, 83 AD3d 18, 25). "'Although summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions, expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact'" (Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 898-899, quoting Longhi v Lewit, 187 AD3d 873, 877-878). "'In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record'" (Templeton v Papathomas, 208 AD3d 1268, 1270-1271, quoting Lamalfa v New York Methodist Hosp., 202 AD3d at 666).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint through the submission of transcripts of deposition testimony, the plaintiff's medical records, and the affirmation of a board certified podiatrist, who opined within a [*2]reasonable degree of medical certainty that Buro's administration of the steroid injections was in accordance with the accepted standard of care and that, in any event, the dosage, frequency, and location of the injections could not have proximately caused the plaintiff's tendon to rupture (see Lagatta v Rivera, 217 AD3d 757, 759; Lamalfa v New York Methodist Hosp., 202 AD3d at 666).
In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert did not address specific assertions made by the defendants' expert regarding the dosage, frequency, and location of the steroid injections (see Lagatta v Rivera, 217 AD3d at 759; Lamalfa v New York Methodist Hosp., 202 AD3d at 666; Elstein v Hammer, 192 AD3d 1075, 1078). The plaintiff's expert also failed to adequately set forth an explanation for the opinion that the podiatric standard of care forecloses the administration of repeated steroid injections, as the literature submitted by plaintiff's expert did not support that opinion. Therefore, the plaintiff's expert failed to raise a triable issue of fact regarding the standard of care or the proximate cause of the plaintiff's injuries (see Templeton v Papathomas, 208 AD3d at 1270-1271; Lamalfa v New York Methodist Hosp., 202 AD3d at 666; see also Yankus v Kelly, 72 AD3d 1068, 1070). The plaintiff's expert's remaining contentions regarding Buro's failure to utilize MRI imaging or alternative treatments or to refer the plaintiff to another provider, rather than continuing to administer steroid injections, similarly failed to rebut the defendants' prima facie showing that the steroid injections did not proximately cause the plaintiff's injuries (see Templeton v Papathomas, 208 AD3d at 1270-1271; Lamalfa v New York Methodist Hosp., 202 AD3d at 665-666).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., VOUTSINAS, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court