In an action, inter alia, to recover damages for medical malpractice, the defendants New York Community Hospital and Hassan Farhat appeal, and the defendant Bernard Alter separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), entered April 27, 2015, as denied those branches of their separate motions which were for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against the defendants Hassan Farhat and Bernard Alter, respectively.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, and those branches of the motion of the defendants New York Community Hospital and Hassan Farhat, and the separate motion of the defendant Bernard Alter, which were for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against the defendants Hassan Farhat and Bernard Alter, respectively, are granted.
 

 The plaintiff was taken by ambulance to the defendant New York Community Hospital, complaining, inter alia, of abdominal pain and a bloated stomach. The defendant Hassan Farhat was the attending emergency room physician. Farhat determined that the plaintiff required a nasogastric tube, which Farhat inserted. Farhat also ordered a series of chest and abdominal X rays, and a CT scan. The defendant Yudel Edelstein interpreted the CT scan, but did not find any indication of esophageal perforation. Farhat suspected bowel obstruction and asked the defendant Bernard Alter, the attending surgeon, to determine whether the plaintiff was a candidate for bowel obstruction surgery. Alter recommended against that surgery based on a diagnosis that the plaintiff had sustained a myocardial infarction. The plaintiff was transferred to another hospital for the treatment of heart-related issues where, during an endoscopy, it was discovered that the plaintiff’s esophagus was perforated. The cause of the perforation was undetermined.
 

 Thereafter, the plaintiff commenced this medical malpractice action, alleging, inter alia, that he sustained a perforated esophagus as a result of the insertion of the nasogastric tube and that Farhat and Alter, among others, failed to detect and diagnose the perforation that allegedly was apparent on the CT scan, thus proximately causing his alleged injuries. Following discovery, as relevant here, New York Community Hospital and Farhat moved, and Alter separately moved, for summary judgment dismissing the complaint insofar as asserted against Farhat and Alter, respectively. In the order appealed from, the Supreme Court, inter alia, denied those branches of their separate motions which were for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against Farhat and Alter, respectively. We reverse the order insofar as appealed from.
 

 A defendant seeking summary judgment in a medical malpractice action must establish, prima facie, that he or she did not deviate from the accepted standard of care or that his or her acts were not a proximate cause of any injury to the plaintiff (see Hernandez v Nwaishienyi, 148 AD3d 684, 686 [2017]; Feuer v Ng, 136 AD3d 704, 706 [2016]; Stukas v Streiter, 83 AD3d 18, 24 [2011]). In response, it is the plaintiff’s burden to raise a triable issue of fact “regarding the element or elements on which the defendant has made its prima facie showing” (Feuer v Ng, 136 AD3d at 706 [internal quotation marks omitted]; see Stukas v Streiter, 83 AD3d at 24). In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant’s experts, setting forth an explanation of the reasoning and relying on “specifically cited evidence in the record” (Roca v Perel, 51 AD3d 757, 759 [2008]; see Brinkley v Nassau Health Care Corp., 120 AD3d 1287, 1290 [2014]).
 

 Here, Farhat established his prima facie entitlement to judgment as a matter of law with respect to the medical malpractice cause of action by submitting the expert affirmations of a radiologist and gastroenterologist, who opined that the care and treatment rendered by Farhat did not deviate from accepted medical care and treatment, and that such treatment did not proximately cause the alleged injuries, which resulted from the plaintiff’s underlying condition and not the insertion of the nasogastric tube (see Hernandez v Nwaishienyi, 148 AD3d at 686; Brinkley v Nassau Health Care Corp., 120 AD3d at 1289-1290). Similarly, Alter established his prima facie entitlement to judgment as a matter of law with respect to the medical malpractice cause of action by submitting the expert affirmation of a surgeon who opined that Alter rendered appropriate care to the plaintiff and did not proximately cause the plaintiff’s alleged injuries (see Hernandez v Nwaishienyi, 148 AD3d at 686; Leigh v Kyle, 143 AD3d 779, 782 [2016]). In opposition, the plaintiff’s evidence, including the expert affirmation of a radiologist and the affidavit of a gastroenterologist, was insufficient to raise a triable issue of fact. The plaintiff’s experts did not differentiate between the acts or omissions of the various defendants, but merely stated in conclusory terms that all of the defendants who looked at the CT scan should have observed and diagnosed the esophageal perforation sooner. They also failed to lay a foundation tending to support the reliability of opinions rendered outside their fields of expertise. As such, the affirmation and affidavit did not raise a triable issue of fact (see DeGiorgio v Racanelli, 136 AD3d 734, 737 [2016]; Mustello v Berg, 44 AD3d 1018, 1018 [2007]; Behar v Coren, 21 AD3d 1045, 1047 [2005]). In any event, in response to the prima facie evidence of Farhat and Alter, the plaintiff failed to submit evidence in admissible form showing that Farhat and Alter departed from accepted standards of medical care by relying on the radiologist’s interpretation (see Leigh v Kyle, 143 AD3d at 782; Micciola v Sacchi, 36 AD3d 869, 872 [2007]; cf. Reid v Soults, 138 AD3d 1087 [2016]). The opinions of the plaintiff’s experts were conclusory and failed to address specific assertions made by the experts of Farhat and Alter, including those regarding proximate causation (see Hernandez v Nwaishienyi, 148 AD3d at 686; Brinkley v Nassau Health Care Corp., 120 AD3d at 1290). As such, there are no conflicting expert opinions that warrant a jury determination regarding the cause of action alleging medical malpractice insofar as asserted against Farhat and Alter (see Roca v Perel, 51 AD3d at 759; see also Brinkley v Nassau Health Care Corp., 120 AD3d at 1290). Accordingly, the Supreme Court should have granted those branches of the motion of New York Community Hospital and Farhat, and Alter’s separate motion, which were for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against Farhat and Alter, respectively.
 

 Chambers, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.