J. P. v Patel (2021 NY Slip Op 03845)





J. P. v Patel


2021 NY Slip Op 03845


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2018-02294
 (Index No. 501927/13)

[*1]J. P., etc., et al., appellants, 
v
Sanjivan Patel, etc., et al., defendants, Rochelle Lipshutz, et al., respondents.


The Pagan Law Firm, P.C., New York, NY (Tania M. Pagan of counsel), for appellants.
McAloon & Friedman, P.C., New York, NY (Gina Bernardi Di Folco of counsel), for respondents.



DECISION & ORDER
In a consolidated action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ellen Spodek, J.), dated December 13, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendants Rochelle Lipshutz, Janet Stein, and Beth Israel Medical Center which were for summary judgment dismissing the complaint insofar as asserted against Rochelle Lipshutz and Beth Israel Medical Center.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Vicky Lopez was treated at the defendant Beth Israel Medical Center (hereinafter Beth Israel) in July and August 2008 in connection with her pregnancy. At Beth Israel, she was attended by, among others, the defendant Rochelle Lipshutz, a certified nurse midwife. Lopez ultimately gave birth to the infant plaintiff at the defendant Wyckoff Heights Medical Center (hereinafter Wyckoff) in October 2008. In 2014, Lopez, individually, and on behalf of the infant plaintiff, commenced this action to recover damages for medical malpractice against, among others, Lipshutz, Janet Stein, and Beth Israel (hereinafter collectively the defendants). The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion. The plaintiffs appeal from so much of the order as granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against Lipshutz and Beth Israel.
"Medical malpractice actions require proof that the defendant [provider] deviated or departed from the accepted community standards of practice, and that such deviation . . . was a proximate cause of the plaintiff's injuries" (Dixon v Chang, 163 AD3d 525, 526 [internal quotation marks omitted]). "When moving for summary judgment, a defendant [provider] has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (id. at 526-527 [internal quotation marks omitted]). "[B]are conclusory assertions" by "defendants that they did not deviate from good and accepted medical practices, with no factual relationship to the alleged injury, do not establish that the cause of action has no merit so as to entitle defendants to summary judgment" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Where a defendant provider makes a prima facie showing, "the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, . . . but only as to the elements on which the defendant met the prima facie burden" (Dixon v Chang, 163 AD3d at 527 [internal quotation marks omitted]). "Summary judgment is not appropriate in a medical malpractice [*2]action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant [provider's] summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84). Rather, the plaintiff's expert must specifically address the defense expert's allegations (see Feuer v Ng, 136 AD3d 704, 707; Geffner v North Shore Univ. Hosp., 57 AD3d 839, 842).
Here, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against Lipshutz and Beth Israel. First, contrary to the plaintiffs' contention, the defendants demonstrated, prima facie, that Lipshutz and Beth Israel did not deviate from the applicable standard of care (see Dixon v Chang, 163 AD3d at 526-527). The expert affirmation on which the defendants relied defined cervical insufficiency, set forth the diagnostic criteria for that condition, and explained why Lopez did not meet the diagnostic criteria for that condition during her treatment at Beth Israel. The defendants' expert further opined that the first notation in Lopez's Wyckoff medical records, that her cervix was long and closed, was made at 11:30 a.m. on September 28, 2008, demonstrating that she did not have cervical insufficiency during her treatment at Beth Israel. In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' expert failed to address this notation in the Wyckoff medical records. Instead, the plaintiffs' expert referred only to a subsequent notation in those records, which showed that Lopez's cervix had begun dilating at 1:00 p.m. on September 28, 2008. Therefore, the plaintiffs' expert did not raise a triable issue of fact as to the opinion of the defendants' expert that the 11:30 a.m. notation showed that Lopez did not have cervical insufficiency while she was being treated at Beth Israel and that, therefore, additional testing for cervical insufficiency was not warranted during Lopez's treatment there (see Geffner v North Shore Univ. Hosp., 57 AD3d at 842).
LASALLE, P.J., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court