Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc. (2022 NY Slip Op 00649)





Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc.


2022 NY Slip Op 00649


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2018-05600
 (Index No. 601415/14)

[*1]Bum Yong Kim, et al., appellants, 
v
North Shore Long Island Jewish Health System, Inc., et al., respondents, et al., defendant.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellants.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Nicholas Tam of counsel), for respondents North Shore Long Island Jewish Health System, Inc., and Colin J. Powers.
Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Daniel S. Ratner of counsel), for respondents Paul S. Berg and Port Washington Gastroenterology, P.C.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), dated March 20, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants North Shore Long Island Jewish Health System, Inc., and Colin J. Powers which was for summary judgment dismissing the complaint insofar as asserted against the defendant Colin J. Powers, and granted the separate motion of the defendants Paul S. Berg and Port Washington Gastroenterology, P.C., for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On May 28, 2013, the plaintiff Bum Yong Kim (hereinafter the injured plaintiff) was referred to an emergency room following multiple visits to his primary care physician because he was experiencing gastric burning, among other symptoms. At the Syosset Hospital Emergency Department, the injured plaintiff was diagnosed with inflammation of the gallbladder. He was examined by the defendant Robert H. Mondschein, who recommended surgery to remove the injured plaintiff's gallbladder. Mondschein consulted with the defendant Paul S. Berg, a gastroenterologist, whose impression was that the injured plaintiff had "common bile duct stones."
On May 30, 2013, Berg performed an endoscopic procedure and successfully removed a stone that was approximately nine millimeters in diameter from the plaintiff's bile duct. Immediately thereafter, Mondschein began laparoscopic surgery to remove the gallbladder, which he converted to an open surgical procedure due to inflammation in the gastric area. During the surgery, Mondschein observed that the gallbladder was adherent to the stomach, and, upon separating the two organs, and excising the gallbladder, he observed a large hole in the distal stomach. Mondschein determined that resection of the distal stomach was necessary, and requested the aid of the defendant Colin J. Powers, who thereafter assisted Mondschein. After the surgery, the injured plaintiff improved clinically, but he experienced complications, including bilious and feculent drainage, and a fistula.
In March 2014, the injured plaintiff, and his wife suing derivatively, commenced this action against Powers and the defendant North Shore Long Island Jewish Health System, Inc. (hereinafter together the North Shore defendants), Berg and the defendant Port Washington Gastroenterology, P.C. (hereinafter together the Port Washington defendants), and Mondschein, to recover damages for, inter alia, medical malpractice. The North Shore defendants, the Port Washington defendants, and Mondschein separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated March 20, 2018, the Supreme Court granted the motions of the North Shore defendants and the Port Washington defendants, and denied Mondschein's motion. The plaintiffs appeal from so much of the order as granted that branch of the North Shore defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Powers, and granted the Port Washington defendants' motion.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Hayden v Gordon, 91 AD3d 819, 820 [internal quotation marks omitted]). On a motion for summary judgment dismissing the complaint in a medical malpractice action, a defendant must make a prima facie showing either that there was no departure from good and accepted medical practice, or that the plaintiff was not injured by any such departure (see J.P. v Patel, 195 AD3d 852, 853; Lowell v Flom, 195 AD3d 801, 802).
"Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, . . . but only as to the elements on which the defendant met the prima facie burden" (Dixon v Chang, 163 AD3d 525, 527 [internal quotation marks omitted]; see Scopelliti v Westmed Med. Group, 193 AD3d 1009, 1011). "General and conclusory allegations of medical malpractice, . . . unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [internal quotation marks omitted]).
Here, the North Shore defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Powers by submitting the affirmation of an expert, a board-certified surgeon, who opined, based upon his review of the medical records, the deposition testimony, and the pleadings, that the treatment provided by Powers was in accordance with the accepted standard of care and that, in any event, Powers did not proximately cause the injured plaintiff's alleged injuries (see Brinkley v Nassau Health Care Corp., 120 AD3d 1287, 1289). The expert further observed that Powers only became involved in the injured plaintiff's treatment mid-surgery, that he worked under the direction and supervision of Mondschein, and that he did not exercise independent judgment in the surgical management of the injured plaintiff (see Bellafiore v Ricotta, 83 AD3d 632, 633).
In opposition, the plaintiffs failed to demonstrate the existence of a triable issue of fact. The plaintiffs' expert's brief assessment of the treatment provided by Powers was conclusory and speculative, and failed to address the specific assertions of the defendants' expert (see Attia v Klebanov, 192 AD3d 650, 652; Schwartz v Partridge, 179 AD3d 963, 965). The plaintiffs' expert also failed to distinguish between the allegedly negligent acts and omissions committed by Powers and those allegedly committed by Mondschein (see Lowell v Flom, 195 AD3d at 803; Tsitrin v New York Community Hosp., 154 AD3d at 996).
The Port Washington defendants likewise established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by submitting the affirmation of an expert, a gastroenterologist, who opined, based upon his review of the medical records, the deposition testimony, and the pleadings, that the treatment provided by Berg was in accordance with the accepted standard of care and, regardless, that Berg did not proximately cause the injured plaintiff's injuries (see Brinkley v Nassau Health Care Corp., 120 AD3d at 1289).
In opposition, the plaintiffs failed to demonstrate the existence of a triable issue of fact. The affirmation of the plaintiffs' expert, as it pertains to the treatment provided by Berg, was [*2]conclusory and speculative, and failed to address the specific assertions of the Port Washington defendants' expert (see Attia v Klebanov, 192 AD3d at 652). Moreover, although the plaintiffs' expert opined that Berg failed in his duty to preoperatively diagnose the inflammation affecting the injured plaintiff's gastric area, and that he should have ordered a CT scan to aid in such diagnosis, the plaintiffs' expert failed to explain, let alone cite to facts in the record which demonstrated, that inflammation affecting the gastric area was indicated, or why an additional diagnostic procedure such as a CT scan was warranted (see Elstein v Hammer, 192 AD3d 1075, 1078; Wagner v Parker, 172 AD3d 954, 955).
Accordingly, the Supreme Court properly granted that branch of the North Shore defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Powers, and the Port Washington defendants' separate motion for summary judgment dismissing the complaint insofar as asserted against them.
BARROS, J.P., CHAMBERS, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court