Piazza v NYU Hosps. Ctr. (2022 NY Slip Op 04824)

Piazza v NYU Hosps. Ctr.

2022 NY Slip Op 04824

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2020-00534
 (Index No. 150403/15)

[*1]Patricia Piazza, et al., appellants, 
v
NYU Hospitals Center, respondent.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellants.
McAloon & Friedman, P.C., New York, NY (Gina Bernardi Di Folco of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated November 1, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Patricia Piazza (hereinafter the injured plaintiff) underwent an anterior and posterior lumbar spinal decompression and instrumented fusion surgery at the defendant NYU Hospitals Center (hereinafter the Hospital) on November 7, 2012. The injured plaintiff, and her husband suing derivatively, subsequently commenced this action, alleging in their bill of particulars, inter alia, that the defendant failed to "administer the proper amount of pain medication and treatment [to the injured plaintiff] following surgery, mis-programmed [a] PCA [patient-controlled analgesia] pump and failed to provide proper pain management post surgery," resulting in the injured plaintiff suffering post-surgical pain and post-traumatic stress disorder. The Hospital moved for summary judgment dismissing the complaint. The Supreme Court granted the Hospital's motion. The plaintiffs appeal.
"'A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853) with respect to at least one of the elements of a cause of action alleging medical malpractice: (1) whether the physician deviated or departed from accepted community standards of practice, or (2) that such a departure was a proximate cause of the plaintiff's injuries'" (Russell v Garafalo, 189 AD3d 1100, 1101, quoting Rosenthal v Alexander, 180 AD3d 826, 827; see Stukas v Streiter, 83 AD3d 18, 23). Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden (see Donnelly v Parikh, 150 AD3d 820, 822; Leigh v Kyle, 143 AD3d 779, 781; Gillespie v New York Hosp. Queens, 96 AD3d 901, 902; Stukas v Streiter, 83 AD3d at 24).
Here, in support of its motion, the Hospital submitted, among other things, an affirmation of its expert physician who opined, to a reasonable degree of medical certainty, that based on his review of the medical records, the treatment the injured plaintiff received at the Hospital in terms of pain management, was in accordance with good and accepted standards of care in the medical community, and that no act or omission on the part of the Hospital staff proximately caused the injured plaintiff's alleged post-traumatic stress disorder. The Hospital's submissions demonstrated its prima facie entitlement to judgment as a matter of law.
In opposition, the plaintiffs failed to raise a triable issue of fact. The affirmation of the plaintiffs' expert was conclusory and speculative, and failed to address the specific assertions of the Hospital's expert (see Gullo v Bellhaven Ctr. for Geriatric & Rehabilitative Care, Inc., 157 AD3d 773, 774; Feuer v Ng, 136 AD3d 704, 707; Brinkley v Nassau Health Care Corp., 120 AD3d 1287, 1290). Accordingly, the Supreme Court properly granted the Hospital's motion for summary judgment dismissing the complaint.
The plaintiffs' remaining contentions are not properly before this Court.
CONNOLLY, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court