Lagatta v Rivera (2023 NY Slip Op 03227)

Lagatta v Rivera

2023 NY Slip Op 03227

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-05809
 (Index No. 64486/14)

[*1]Christopher Lagatta, etc., et al., respondents, 
v
Carlos Juan Rivera, etc., et al., defendants, S.. Pediatrics, P.C., appellant.

Patrick F. Adams, P.C., Great River, NY (Joseph M. Nador of counsel), for appellant.
Robert F. Danzi, Jericho, NY (Christine C. Coscia of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant S.V. Pediatrics, P.C., appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated May 14, 2020. The order, insofar as appealed from, denied those branches of the motion of the defendants Tulika Narain and S.V. Pediatrics, P.C., which were for summary judgment dismissing the first and third causes of action insofar as asserted against the defendant S.V. Pediatrics, P.C.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Tulika Narain and S.V. Pediatrics, P.C., which were for summary judgment dismissing the first and third causes of action insofar as asserted against the defendant S.V. Pediatrics, P.C., are granted.
The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice against the defendants Tulika Narain and S.V. Pediatrics, P.C. (hereinafter S.V.), among others. The complaint alleged, among other things, that S.V.'s employees were negligent in failing to diagnose and treat the plaintiff Christopher Lagatta (hereinafter the injured plaintiff) for adolescent idiopathic scoliosis while he was a patient at S.V.'s medical practice. Narain and S.V. moved, inter alia, for summary judgment dismissing the first and third causes of action, alleging medical malpractice and loss of services, respectively, insofar as asserted against S.V. In an order dated May 14, 2020, the Supreme Court, among other things, denied those branches of the motion, and S.V. appeals.
"In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff" (Attia v Klebanov, 192 AD3d 650, 651; see Wijesinghe v Buena Vida Corp., 210 AD3d 824, 824). "'To rebut the defendant's prima facie showing, a plaintiff must submit an expert opinion that specifically addresses the defense expert's allegations'" (M.T. v Lim, 203 AD3d 778, 778-779, quoting Pirri-Logan v Pearl, 192 AD3d 1149, 1150). "'General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant [provider's] [*2]summary judgment motion'" (J.P. v Patel, 195 AD3d 852, 854, quoting Myers v Ferrara, 56 AD3d 78, 84; see Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d 653, 655). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [internal quotation marks omitted]; see Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d at 655).
Here, S.V. established its prima facie entitlement to judgment as a matter of law by submitting, among other things, an affirmation of a physician board certified in orthopedic surgery. The expert opined that the care and treatment rendered by S.V.'s employees did not deviate from accepted medical practice, and that the injured plaintiff's adolescent idiopathic scoliosis condition could not have been diagnosed until he reached adolescence, which did not occur for at least one year after he left S.V.'s care, during which time the injured plaintiff tested negative for the condition (see Wijesinghe v Buena Vida Corp., 210 AD3d at 824; Ivey v Mbaidjol, 202 AD3d 1070, 1072). In opposition, the evidence submitted by the plaintiffs, including an affirmation of a physician, failed to raise a triable issue of fact. The plaintiffs' expert failed to address the specific assertion of S.V.'s expert that the injured plaintiff did not develop adolescent idiopathic scoliosis until after he left S.V.'s care, and was otherwise speculative, conclusory, and unsupported by the record (see Coffey v Mansouri, 209 AD3d 714, 716; Piazza v NYU Hosps. Ctr., 208 AD3d 525, 526; Lamalfa v New York Methodist Hosp., 202 AD3d 665, 666; Losak v St. James Rehabilitation & Healthcare Ctr., 199 AD3d 671, 671).
Accordingly, the Supreme Court should have granted those branches of the motion of Narain and S.V. which were for summary judgment dismissing the first and third causes of action insofar as asserted against S.V.
BARROS, J.P., CHAMBERS, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court