Weintroub v Maimonides Med. Ctr. (2023 NY Slip Op 06556)

Weintroub v Maimonides Med. Ctr.

2023 NY Slip Op 06556

Decided on December 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-05981
 (Index No. 514690/15)

[*1]Benyamin Weintroub, respondent, 
v
Maimonides Medical Center, et al., appellants, et al., defendants.

McAloon & Friedman, P.C., New York, NY (Gina Bernardi Di Folco of counsel), for appellants.
Daniella Levi & Associates, P.C., Fresh Meadows, NY (Eliyahu Levi of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants Maimonides Medical Center and Joel Horovitz appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated July 12, 2021. The order, insofar as appealed from, denied those branches of the motion of the defendants Maimonides Medical Center, Joel Horovitz, and Danny Sherwinter which were for summary judgment dismissing the complaint insofar as asserted against the defendants Maimonides Medical Center and Joel Horovitz.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Maimonides Medical Center, Joel Horovitz, and Danny Sherwinter which were for summary judgment dismissing the complaint insofar as asserted against the defendants Maimonides Medical Center and Joel Horovitz are granted.
The plaintiff commenced this action to recover damages for medical malpractice against, among others, the defendants Joel Horovitz and Maimonides Medical Center (hereinafter Maimonides). The plaintiff alleged, among other things, that Horovitz, a physician employed by Maimonides, was negligent when he performed an elective cholecystectomy on the plaintiff despite the plaintiff's medical history and comorbidities, and that Horovitz was negligent in his treatment of the plaintiff's incisional hernia. Along with the defendant Danny Sherwinter, Horovitz and Maimonides (hereinafter collectively the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated July 12, 2021, the Supreme Court, inter alia, denied those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against Horovitz and Maimonides. Horovitz and Maimonides appeal.
"In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff" (Attia v Klebanov, 192 AD3d 650, 651; see Wijesinghe v Buena Vida Corp., 210 AD3d 824, 824). "In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (Wiater v Lewis, 197 AD3d 782, 783; see Kielb v Bascara, 217 AD3d 756, 756-757). Once the defendant makes its prima facie showing, "the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie [*2]burden" (Piazza v NYU Hosps. Ctr., 208 AD3d 525, 526; see Wijesinghe v Buena Vida Corp., 210 AD3d at 824). "To rebut the defendant's prima facie showing, a plaintiff must submit an expert opinion that specifically addresses the defense expert's allegations" (Pirri-Logan v Pearl, 192 AD3d 1149, 1150; see M.T. v Lim, 203 AD3d 778). "'General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant [provider's] summary judgment motion'" (J.P. v Patel, 195 AD3d 852, 854, quoting Myers v Ferrara, 56 AD3d 78, 84; see Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d 653, 655). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [internal quotation marks omitted]; see Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d at 655).
Here, Horovitz and Maimonides established their prima facie entitlement to judgment as a matter of law by submitting, among other things, an affirmation of a physician who was board certified in general surgery. The defendants' expert opined that Horovitz did not deviate from the accepted standard of care when treating the plaintiff for cholelithiasis and the incisional hernia (see Wijesinghe v Buena Vida Corp., 210 AD3d at 824; Ivey v Mbaidjol, 202 AD3d 1070, 1072). In opposition, the evidence submitted by the plaintiff, including an affirmation of a physician, failed to raise a triable issue of fact. The plaintiff's expert failed to address the specific assertion of the defendants' expert and was otherwise speculative, conclusory, and unsupported by the record (see Lagatta v Rivera, 217 AD3d 757, 759; Lamalfa v New York Methodist Hosp., 202 AD3d 665, 666; Messeroux v Maimonides Med. Ctr., 181 AD3d 583, 585).
Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against Horovitz and Maimonides.
DILLON, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court