Gardiola v Sung Chui Park (2024 NY Slip Op 03808)

Gardiola v Sung Chui Park

2024 NY Slip Op 03808

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
CARL J. LANDICINO, JJ.

2020-05505
 (Index No. 702128/18)

[*1]Zenaida Gardiola, respondent, 
v
Sung Chui Park, etc., et al., appellants.

Vigorito, Barker, Patterson, Nichols & Porter LLP, Valhalla, NY (Leilani Rodriguez of counsel), for appellants.
The Paglinawan Firm, P.C., Kew Gardens, NY (James S. Paglinawan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered June 16, 2020. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was treated by the defendant Sung Chui Park at Manhattan Eye, Ear and Throat Hospital, which is owned by the defendant Northwell Health, Inc., between September 1, 2015, and May 6, 2016. In October 2015, Park performed cataract removal surgery on the plaintiff's right eye. Subsequently, the plaintiff commenced this action against the defendants to recover damages, inter alia, for medical malpractice. The defendants moved for summary judgment dismissing the complaint. The Supreme Court, among other things, denied that branch of the motion which was for summary judgment dismissing the cause of action alleging medical malpractice. The defendants appeal.
"In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff" (Weintroub v Maimonides Med. Ctr., 222 AD3d 915, 915-916 [internal quotation marks omitted]). Once the defendant makes its prima facie showing, "the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden" (Piazza v NYU Hosps. Ctr., 208 AD3d 525, 526). "To rebut the defendant's prima facie showing, a plaintiff must submit an expert opinion that specifically addresses the defense expert's allegations" (Pirri-Logan v Pearl, 192 AD3d 1149, 1150). Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions (see Lopresti v Alzoobaee, 217 AD3d 759, 761; Feinberg v Feit, 23 AD3d 517, 519).
Here, the Supreme Court properly denied that branch of the defendants' motion which [*2]was for summary judgment dismissing the cause of action alleging medical malpractice. In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law dismissing that cause of action, the plaintiff raised triable issues of fact as to whether the defendants departed from the appropriate standards of care in their care and treatment of the cataract of the plaintiff's right eye. The plaintiff's expert opined in an affidavit, inter alia, that Park departed from good and accepted standards of care by failing to utilize an available intraocular irrigating solution, namely "BSS Plus," to protect and minimize damage to the plaintiff's weakened cornea during the cataract removal surgery and by failing to treat the plaintiff's corneal edema or refer her to a cornea specialist in May 2016, and that such failures were a substantial factor in causing the plaintiff's injuries, including corneal decompensation and corneal transplant. Contrary to the defendants' contention, the plaintiff did not raise a new theory of liability in opposition to their motion for summary judgment (see Khutoryanskaya v Laser & Microsurgery, P.C., 222 AD3d 633, 635; Alao v Richmond Univ. Med. Ctr., 213 AD3d 722, 724-725; Rich v Donnenfeld, 191 AD3d 909, 910). Moreover, since the parties adduced conflicting medical expert opinions, summary judgment was not appropriate (see Fiszer v Gliwa, 223 AD3d 881, 883; Feinberg v Feit, 23 AD3d at 519).
The defendants' remaining contention is without merit.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court