Paxton v Sosnowski (2025 NY Slip Op 02790)

Paxton v Sosnowski

2025 NY Slip Op 02790

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-08350
 (Index No. 62860/13)

[*1]Michael Paxton, etc., et al., respondents,
v
Erica Sosnowski, etc., et al., defendants, Steven Samuels, etc., et al., appellant.

Fumoso, Kelly, Swart, Farrell, Polin & Christesen LLP, Hauppauge, NY (Scott G. Christesen of counsel), for appellant.
Napoli Shkolnik, PLLC, Melville, NY (Joseph L. Ciaccio of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendant Steven Samuels appeals from an order of the Supreme Court, Suffolk County (George M. Nolan, J.), dated September 18, 2020. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was for leave to renew their opposition to the prior motion of the defendant Steven Samuels for summary judgment dismissing the complaint insofar as asserted against him, which had been granted in an order of the same court (William B. Rebolini, J.) dated May 4, 2020, and, upon renewal, in effect, vacated so much of the order dated May 4, 2020, as granted that defendant's prior motion, and thereupon, denied that defendant's prior motion.
ORDERED that the order dated September 18, 2020, is modified, on the law, by deleting the provision thereof, upon renewal, in effect, vacating so much of the order dated May 4, 2020, as granted the prior motion of the defendant Steven Samuel for summary judgment dismissing the complaint insofar as asserted against him, and thereupon, denying that defendant's prior motion, and substituting therefor a provision, upon renewal, adhering to the determination in the order dated May 4, 2020, granting that defendant's prior motion for summary judgment dismissing the complaint insofar as asserted against him; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.
On November 7, 2011, at approximately 10:53 a.m., the plaintiffs' decedent Michael Paxton (hereinafter the decedent) presented to the emergency department of the defendant Good Samaritan Hospital Medical Center (hereinafter the hospital) with a chief complaint of flu-like symptoms. The decedent was diagnosed with presumed sepsis, among other things, and admitted to the hospital. While in the emergency department, one of the decedent's treating physicians sought a consult from the defendant Steven Samuels, an infectious disease specialist at the hospital. At approximately 4:50 p.m. on November 7, 2011, Samuels examined the decedent and ordered the infusion of antibiotics pending the results of blood cultures that had already been ordered. The antibiotics were administered to the decedent by hospital staff at 6:00 p.m. On November 8, 2011, the decedent died at the hospital.
In September 2013, the plaintiffs commenced this action against, among others, Samuels (hereinafter the defendant), inter alia, to recover damages for medical malpractice and wrongful death. The plaintiffs alleged, among other things, that the defendant departed from good and accepted medical practice in failing to timely assess the decedent for sepsis and in failing to timely initiate antibiotic therapy. The defendant moved for summary judgment dismissing the complaint insofar as asserted against him. In opposition, the plaintiffs submitted, inter alia, three expert affidavits, two of which were redacted, including a redacted affidavit from an infectious disease expert. In an order dated May 4, 2020, the Supreme Court, among other things, granted the defendant's motion on the ground that the plaintiffs failed to raise a triable issue of fact through their submission of the two redacted and one unredacted expert affidavits to the court.
Thereafter, the plaintiffs moved, inter alia, for leave to renew their opposition to the defendant's prior motion for summary judgment dismissing the complaint insofar as asserted against him. In support, the plaintiffs explained that they had submitted unredacted expert affidavits to the Supreme Court under separate cover for an in camera review when they filed their opposition. In an order dated September 18, 2020, the court, among other things, granted that branch of the plaintiffs' motion which was for leave to renew their opposition to the defendant's prior motion for summary judgment dismissing the complaint insofar as asserted against him, and, upon renewal, in effect, vacated so much of the May 4, 2020 order as granted the defendant's prior motion, and thereupon, denied the defendant's prior motion. The defendant appeals.
Contrary to the defendant's contention, under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in granting that branch of the plaintiffs' motion which was for leave to renew their opposition to the defendant's prior motion for summary judgment dismissing the complaint insofar as asserted against him, and, upon renewal, in considering the plaintiffs' expert affidavits in opposition (see Shvyetsov v 1900 Newkirk Ave., LLC, 217 AD3d 704, 705; Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 859; Trigoso v Correa, 150 AD3d 1041, 1043).
However, upon renewal, the Supreme Court should have adhered to the determination in the order dated May 4, 2020, granting the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him. "'In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff'" (Weintroub v Maimonides Med. Ctr., 222 AD3d 915, 915-916, quoting Attia v Klebanov, 192 AD3d 650, 651). "'In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars'" (id. at 916, quoting Wiater v Lewis, 197 AD3d 782, 783). "Once the defendant makes its prima facie showing, 'the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden'" (id., quoting Piazza v NYU Hosps. Ctr., 208 AD3d 525, 526). "'To rebut the defendant's prima face showing, a plaintiff must submit an expert opinion that specifically addresses the defense expert's allegations'" (id., quoting Pirri-Logan v Pearl, 192 AD3d 1149, 1150).
"Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d at 860). "'General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant provider's summary judgment motion'" (Weintroub v Maimonides Med. Ctr., 222 AD3d at 916 [alterations omitted], quoting J.P. v Patel, 195 AD3d 852, 854 [internal quotation marks omitted]).
Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by submitting, among other things, the affirmation of his expert physician. The defendant's expert opined that, based upon the review of the decedent's medical records, transcripts of the depositions, and the pleadings, the defendant did not depart from the accepted standard of care in treating the decedent and that the treatment [*2]rendered by the defendant was not a proximate cause of the decedent's death (see id.; Kielb v Bascara, 217 AD3d 757, 757; Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d at 860). In opposition, the plaintiffs failed to raise a triable issue of fact. The expert affidavits submitted by the plaintiffs contained only speculative and conclusory assertions that the defendant's treatment of the decedent departed from the accepted standard of care, failed to address the specific assertions of the defendant's expert regarding the defendant's treatment of the decedent, and were otherwise unsupported by the record (see Weintroub v Maimonides Med. Ctr., 222 AD3d at 916; see also Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d 653).
Accordingly, upon renewal, the Supreme Court should have adhered to the determination in the order dated May 4, 2020, granting the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court