Williams v Levine (2025 NY Slip Op 02962)

Williams v Levine

2025 NY Slip Op 02962

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2020-03781
 (Index No. 600428/16)

[*1]Rose Williams, appellant, 
v
Mitchell Levine, etc., et al., respondents.

Paul Ajlouny & Associates, P.C., Garden City, NY (Edward J. Nitkewicz of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, Garden City, NY (Daniel Lei, Daniel S. Ratner, and Greg Freedman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered April 20, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for medical malpractice and lack of informed consent against the defendants, Mitchell Levine, Laurence N. Spier, North Shore University Hospital, and Northwell Health, Inc. In particular, the plaintiff alleged that Levine, a neurosurgeon, and Spier, a thoracic surgeon, negligently performed surgery on her in October 2013. The defendants moved for summary judgment dismissing the complaint. In an order entered April 20, 2020, the Supreme Court granted the motion. The plaintiff appeals.
"'The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury'" (Kunwar v Northwell Health, 229 AD3d 528, 532, quoting Mendoza v Maimonides Med. Ctr., 203 AD3d 715, 716). "'In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff'" (id., quoting Attia v Klebanov, 192 AD3d 650, 651). "'In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars'" (Vargas v Lee, 207 AD3d 684, 685, quoting Wiater v Lewis, 197 AD3d 782, 783).
"Once the defendant makes its prima facie showing, 'the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden'" (Weintroub v Maimonides Med. Ctr., 222 AD3d 915, 916, quoting Piazza v NYU Hosps. Ctr., 208 AD3d 525, 526). "'To rebut the defendant[s'] prima facie showing, a plaintiff must submit an expert opinion that specifically addresses the defense expert[s'] [*2]allegations'" (id., quoting Pirri-Logan v Pearl, 192 AD3d 1149, 1150; see M.T. v Lim, 203 AD3d 778). "'General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant [provider's] summary judgment motion'" (Weintroub v Maimonides Med. Ctr., 222 AD3d at 916 [internal quotation marks omitted], quoting J.P. v Patel, 195 AD3d 852, 854; see Myers v Ferrara, 56 AD3d 78, 84). "'In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record'" (Weintroub v Maimonides Med. Ctr., 222 AD3d at 916, quoting Tsitrin v New York Community Hosp., 154 AD3d 994, 996; see Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d 653, 655).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, among other things, an affirmation of a physician who was board certified in neurological surgery and an affirmation of a physician who was board certified in thoracic surgery. The defendants' experts set forth sufficient reasoning with appropriate references to the record to establish, prima facie, that Spier did not deviate from the accepted standard of care, among other things, when he performed a thoracotomy on the plaintiff as part of her surgical care. Similarly, the defendants established, prima facie, that Levine did not deviate from the accepted standard of care, among other things, when he performed a surgical procedure on the plaintiff known as an extreme lateral interbody fusion (hereinafter XLIF) (see Weintroub v Maimonides Med. Ctr., 222 AD3d at 916; Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d at 655; Tsitrin v New York Community Hosp., 154 AD3d at 996).
In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert, a neurosurgeon, was conclusory and speculative and, therefore, insufficient to raise a triable issue of fact (see Weintroub v Maimonides Med. Ctr., 222 AD3d at 916; Piazza v NYU Hosps. Ctr., 208 AD3d at 526). Furthermore, the plaintiff's expert failed to raise a triable issue of fact as to whether the XLIF procedure fell entirely outside of the accepted standard of practice at the time that the plaintiff's surgery was performed (cf. Perez v St. John's Episcopal Hosp. S. Shore, 19 AD3d 389, 391). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice.
"'To establish a cause of action to recover damages based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury'" (Ciceron v Gulmatico, 220 AD3d 732, 735 [internal quotation marks omitted], quoting Cox v Herzog, 192 AD3d 757, 758; see Gilmore v Mihail, 174 AD3d 686, 688). "While the signing of a generic consent form by the plaintiff does not establish that a defendant is entitled to summary judgment, a defendant can establish entitlement to summary judgment by demonstrating that the plaintiff signed a detailed consent form after being apprised of alternatives and foreseeable risks, by demonstrating that a reasonably prudent person in the plaintiff's position would not have declined to undergo the surgery, or by demonstrating that the actual procedure performed for which there was no informed consent was not a proximate cause of the injury" (Pirri-Logan v Pearl, 192 AD3d at 1151 [citation omitted]; see Fairchild v Lerner, 229 AD3d 506, 509; Khosrova v Westermann, 109 AD3d 965, 967).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action based on lack of informed consent. Among other things, the plaintiff's medical records, which included a signed consent form, and transcripts of the deposition testimony of the plaintiff, Levine, and Spier, established, prima facie, that the plaintiff was properly informed about the subject surgery, including alternatives and reasonably foreseeable risks attendant thereto (see Pirri-Logan v Pearl, 192 AD3d at 1151; Khosrova v Westermann, 109 AD3d at 967). [*3]In opposition, the plaintiff failed to raise a triable issue of fact. To the extent that the plaintiff's affidavit, submitted in opposition to the defendants' motion, contradicted her early deposition testimony regarding her preoperative discussions with the defendants, it failed to raise a triable issue of fact (see Tardio v Saleh, 193 AD3d 901, 902-903).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action based on lack of informed consent.
In light of the foregoing, we need not reach the defendants' remaining contention.
DILLON, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court