Presman v Lee
2026 NY Slip Op 03694
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Alla Presman, etc., appellant,
v
Dong-Seok Lee, etc., et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2023-09712, 2023-10386, (Index No. 522862/18)
Cheryl E. Chambers, J.P.
Deborah A. Dowling
Lillian Wan
Elena Goldberg Velazquez, JJ.

Mark M. Basichas & Associates, P.C., New York, NY (Aleksey Feygin of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Loretta A. Krez and Lisa Fleischmann of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated October 2, 2023, and (2) a judgment of the same court entered October 17, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Mount Sinai Hospital and Dong-Seok Lee. The judgment, insofar as appealed from, upon the order, is in favor of the defendants Mount Sinai Hospital and Dong-Seok Lee and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants Mount Sinai Hospital and Dong-Seok Lee.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in this action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff, as administrator of the estate of Aleksandr Yuzhuk (hereinafter the decedent), commenced this action to recover damages for medical malpractice against the defendants, Dong-Seok Lee, Laura G. Beitia, Manjil Chatterji, Philip J. Torina, Marco A. Harmaty, and Mount Sinai Hospital (hereinafter Mount Sinai). The plaintiff alleged, inter alia, that Lee, a physician employed by Mount Sinai, was negligent in failing to adequately evaluate conditions manifested by the decedent. A bill of particulars further alleged, among other things, that the defendants failed to appreciate the extent of the decedent's lung cancer at the time of initial diagnosis and to recommend an appropriate course of cancer treatment. The defendants moved, inter alia, for [*2]summary judgment dismissing the complaint insofar as asserted against Lee and Mount Sinai. In an order dated October 2, 2023, the Supreme Court, among other things, granted that branch of the defendants' motion. A judgment was entered on October 17, 2023, upon the order, inter alia, in favor of Lee and Mount Sinai and against the plaintiff dismissing the complaint insofar as asserted against those defendants. The plaintiff appeals from both the order and the judgment.
"In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff" (Rico v New York Methodist Hosp., 242 AD3d 787, 788 [internal quotation marks omitted]; see Weintroub v Maimonides Med. Ctr., 222 AD3d 915, 915-916). "Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden" (Piazza v NYU Hosps. Ctr., 208 AD3d 525, 526; see Peynado v Woodhull Med. & Mental Health Ctr., 239 AD3d 677, 678). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant provider's summary judgment motion" (Paxton v Sosnowski, 238 AD3d 779, 782 [internal quotation marks omitted]; see Weintroub v Maimonides Med. Ctr., 222 AD3d at 916). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Spellman v Ginzburg, 241 AD3d 588, 589 [internal quotation marks omitted]; see Weintroub v Maimonides Med. Ctr., 222 AD3d at 916).
Here, Lee and Mount Sinai established their prima facie entitlement to judgment as a matter of law by submitting, among other things, affirmations from physicians board certified in thoracic and cardiac surgery, medical oncology, anatomic and clinical pathology, diagnostic radiology, and plastic and reconstructive surgery. The experts set forth sufficient reasoning with appropriate references to the record to establish, prima facie, that Lee did not deviate from accepted medical practice in the treatment and care of the decedent and that any possible deviation was not a proximate cause of the decedent's alleged injuries (see Williams v Levine, 238 AD3d 960, 961-962; Peynado v Woodhull Med. & Mental Health Ctr., 239 AD3d at 678). In opposition, the plaintiff failed to raise a triable issue of fact. The expert affirmations submitted by the plaintiff contained only speculative and conclusory assertions that Lee's treatment of the decedent departed from the accepted standard of care, failed to address the specific assertions of the defendants' experts regarding the treatment of the decedent, and were otherwise unsupported by the record (see Paxton v Sosnowski, 238 AD3d 779, 782; Weintroub v Maimonides Med. Ctr., 222 AD3d at 916). Moreover, portions of the opinions of the plaintiff's experts were contradicted by the record and were thus insufficient to raise a triable issue of fact (see Peynado v Woodhull Med. & Mental Health Ctr., 239 AD3d at 679).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Lee and Mount Sinai.
CHAMBERS, J.P., DOWLING, WAN and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court